**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6464 W. Sunset Ave., Ste. 960
Los Angeles, CA 90028
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com

**LAW OFFICES OF RYAN LEE, PLLC**
Ryan S. Lee (SBN 235879)
7150 E. Camelback Rd., Ste. 444
Scottsdale, AZ 85251
T: (323) 520-9500
F: (323) 520-9502
Ryan@ryanleepllc.com

Attorneys for Plaintiff,
Christina Karnsouvong

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| **CHRISTINA KARNSOUVONG, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>　　　　　**Plaintiff,**<br><br>　　　　　**vs.**<br><br>**CCRSCA dba CCRS,**<br><br>　　　　　**Defendant(s).** | Case No.: 4:16-cv-3115<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>1. **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]**<br>2. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]** |

- 1 -

CLASS ACTION COMPLAINT FOR DAMAGES

Plaintiff, CHRISTINA KARNSOUVONG ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action for herself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of CCRSCA dba CCRS, ("Defendant") in negligently, knowingly, and/or willfully communicating with Plaintiff and failing to provide Plaintiff with meaningful disclosure of Defendant's identity or the nature or purpose of Defendant's calls in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. § 1788 *et seq.* ("RFDCPA").

## JURISDICTION & VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d). The Court has supplemental jurisdiction over Plaintiff's and the putative class' state law claims pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in the United States District Court for the Northern District of California because Defendant does business within the state of California and Plaintiff resides in San Pablo, California and within this judicial district.

## PARTIES

5. Plaintiff, Christina Karnsouvong ("Plaintiff"), is a natural person residing in San Pablo, California and is a "consumer" as defined by the FDCPA, *15 U.S.C. §1692a(3)* and is a "debtor," under the RFDCPA, *Cal. Civ. 1788*.2(h).

6. At all relevant times herein, Defendant, CCRSCA dba CCRS ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by *15 U.S.C. §1692a(5)* and the RFDCPA, *Cal. Civ. 1788.2(c).* Defendant

regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, *15 U.S.C. §1692a(6)* and under the RFDCPA, *Cal. Civ. 1788.2(d) and 1788.2(e)*.

## **FACTUAL ALLEGATIONS**

7.  At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

8.  Defendant, in its attempt to collect the alleged debt owed by Plaintiff, placed telephone calls to Plaintiff's telephone number ending in 7661.

9.  The alleged debt is a "debt" as defined by the FDCPA, as the alleged debt is a delinquent personal loan incurred for personal, family and/or household use/purposes.

10. Throughout the course of 2015 and into 2016, Defendant called and sent text messages to Plaintiff's cellular telephone number in an attempt to collect the alleged debt. In all, Defendant has sent at least one (1) text message to Plaintiff's cellular telephone in connection with the collection of the alleged debt owed.

11. The February 22, 2016 text message received on Plaintiff's cellular telephone, sent by Defendant from the telephone number (408) 755-6090, stated as follows:

> This is a message for CHRISTINA from CCRS, please
> return the call to 888-992-9820 and refer to file#53644.
> This is a time sensitive matter, thank you[1]

---

[1] Plaintiff is in possession of true and correct copies of Defendant's text message and can provide a copy of said message via Compact Disc ("CD") to this Honorable Court upon request.

12.     The text message sent by Defendant is a scripted message that Defendant either prepared itself or reviewed and approved to leave this identical message for all class members.  It is Defendant's internal policy and procedure to send this scripted and pre-approved message each and every time Defendant sends a text message to a consumer's cellular telephone relating to the collection of a debt.

13.     Further evidencing Defendant's systemic use of this particular scripted message is the fact that Plaintiff's name is stated in all caps (i.e., CHRISTINA).  This is significant as the use of all caps for Plaintiff's name evidences the use of an autodialer machine, software, or other technology to send out text messages to Plaintiff and the putative class.  The use of all caps signifies a computer program or other similar algorithm wherein a computer or similar machine adds in the consumer's first name as a custom field into the already scripted and pre-approved message.

14.     Defendant's automated or otherwise pre-approved text messages do not alert Plaintiff as to the purpose or reason for the Defendant's communications. Defendant's text messages do not advise Plaintiff in any fashion as to the reason for Defendant's call whatsoever, other than it is a "time sensitive matter."

15.     Defendant's text messages do not alert Plaintiff that Defendant is a debt collector.

## CLASS ALLEGATIONS

16.     Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All California residents who received any collection text message from Defendant that is identical or substantially similar to that Plaintiff received from Defendant, which failed to inform said person that Defendant is a debt collector, within the one year prior to the filing of this Complaint

17. Plaintiff represents, and is a member of, The Class, consisting of All California residents who received any collection text message from Defendant that is identical or substantially similar to that Plaintiff received from Defendant, which failed to inform said person that Defendant is a debt collector within the one year prior to the filing of this Complaint.

18. Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

19. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes hundreds of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

20. Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether Defendant has a policy of communicating with consumers in connection with the collection of an alleged debt wherein Defendant fails to inform said residents that Defendant is a debt collector;

    b. Whether Defendant has communicated with consumers in connection with the collection of an alleged debt wherein Defendant fails to inform said consumers that Defendant is a debt collector; and

    c. The nature and extent of damages and other remedies to which the conduct of Defendant entitles the Class members.

21. As a person that received collection calls from Defendant wherein Defendant fails to inform her that Defendant is a debt collector, Plaintiff is asserting claims that are typical of The Class.

22. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

23. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

24. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

25. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

# COUNT I: VIOLATIONS OF THE
# FAIR DEBT COLLECTION PRACTICES ACT

(By Plaintiff and the Class Against All Defendants)

26. Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

27. Based upon the foregoing, Defendant's conduct violated the FDCPA as follows:

    a) Failing to advise a consumer in all subsequent communications that Defendant is a debt collector (§ 1692e(11))

28. Plaintiff alleges that to the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

29. As a direct and proximate result of Defendant's violations of the FDCPA, *15 U.S.C. § 1692 et seq.*, Plaintiff and the members of the Class have suffered injury, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to *15 U.S.C. § 1692k.*

30. The violations of the FDCPA, *15 U.S.C. § 1692 et seq.,* described herein present a continuing threat to members of the Class and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

# COUNT II: VIOLATIONS OF THE
# ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

(By Plaintiff and the Class Against All Defendants)

31. Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

32. Based upon the foregoing, Defendant's conduct violated the RFDCPA

as follows:

    a) Failing to comply with the provisions of Sections 1692b to 1692j, inclusive, of, Title 15 of the United States Code (§1788.17).

33. Plaintiff alleges that to the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

34. As a direct and proximate result of Defendant's violations of the RFDCPA, *Cal. Civ. §1788 et seq.*, Plaintiff and the members of the Class have suffered injury, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to *Cal. Civ. § 1788.30.*

35. The violations of the RFDCPA, *Cal. Civ. § 1788.30 et seq.,* described herein present a continuing threat to members of the Class and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants, and each of them:

1. That this action be certified as a class action on behalf of The Class, that Plaintiff be appointed as the representative of The Class, and that Plaintiff's counsel be appointed as Class Counsel;
2. For statutory damages of $500,00.00 or 1% of Defendant's net worth, whichever is the lesser, pursuant to *15 U.S.C. § 1692k*;
3. For statutory damages of $500,00.00 or 1% of Defendant's net worth, whichever is the lesser, pursuant to *Cal. Civ. § 1788.30;*
4. For reasonable attorneys' fees and costs of suit; and
5. For such further relief as this Court deems necessary, just, and proper.

|  |  |
|---|---|
|  | RESPECTFULLY SUBMITTED, |
| Dated: June 8, 2016 | **MARTIN & BONTRAGER, APC** |
|  | By: /s/ Nicholas J. Bontrager<br>Nicholas J. Bontrager<br>*Attorney for Plaintiff* |